In reaching its decision, the majority relied on the opinion of Dr. Creighton, minimizing the contrary opinion of Dr. Szura as "only a difference of opinion between experts." However, a close reading of the bases of their opinions reveals that Dr. Szura had a thorough and complete knowledge of all available medical records and the relevant ergonomics report, and had reviewed the job video in Plaintiff's presence and had had a discussion with her about the job duties. Dr. Creighton testified that, in order to assess whether a particular job places an employee at an increased risk for developing an injury due to accumulative trauma, he would have wanted to know as much as possible about the job duties, the frequency that certain activities are performed, the weight being lifted, and the sustained postures involved in the job. However, Dr. Creighton did not have this information at the time he offered his opinion regarding Plaintiff's condition, since by Dr. Creighton's own admission, he never had any real discussion with Plaintiff about her particular job duties.
The fact that Dr. Creighton is more familiar with Plaintiff's rotator cuff tear is important for her treatment, but is not determinative here as there is no issue regarding her medical condition and treatment. The issue here is solely whether her condition is due to an occupational disease. Dr. Szura, in stark contrast to Dr. Creighton, demonstrates that he has an understanding of what makes a condition an occupational disease. I would accordingly give greater weight to the expert testimony of Dr. Szura than to the testimony of Dr. Creighton in this matter.
For this reason, I respectfully dissent. *Page 15 
This is 20th day of July, 2009.
S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1